IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEROME DAVIS, | ) | |
| | ) | 4:05cv3220 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| vs. | ) | |
| | ) | |
| ASARCO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 2, the Motion to Proceed In Forma Pauperis ("IFP"), filed by the pro se plaintiff, Jerome Davis, a prisoner.  Mr. Davis alleges that he was "contaminated," as a child, by lead deposited in the soil of a "Superfund site" in Omaha, Nebraska.  The plaintiff relies on a decision issued by a court in Phoenix, Arizona for the principle that the defendants are liable for his injuries, which include cancer, brain damage, and arrested development.  The plaintiff has not provided the court with a copy of the decision on which he relies.

The plaintiff does not explain *why* the defendants are liable to him.  In other words, he does not set forth a cause of action under state or federal law.  The Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") does not provide the plaintiff with a cause of action for his alleged personal injuries.  CERCLA imposes liability on an owner or operator of a facility "from which there is a release, or a threatened release which causes the incurrence of **response costs**, of a hazardous substance."  42 U.S.C. § 9607(a) (emphasis added).   The plaintiff does not allege that he incurred any response costs.  There is no private cause of action under CERCLA to recover damages for personal injuries suffered as a result of violations of the statute.  See, e.g., Cabana v. Forcier, 148 F. Supp.2d 110, 114 (D. Mass. 2001).

If the plaintiff does not rely upon CERCLA for his claim against the defendants, but instead relies upon Nebraska tort law, e.g., negligence or possibly product liability law, the plaintiff's claim is very likely barred by the applicable statutes of limitations or repose.  The injuries apparently were inflicted when the plaintiff was a child.

By moving for leave to proceed IFP, the plaintiff subjects his complaint to review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

(A) the allegation of poverty is untrue; or

(B) the action or appeal--
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

THEREFORE, IT IS ORDERED:

1.     That filing no. 2, the plaintiff's Motion to Proceed In Forma Pauperis, is denied at this time pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (failure to state a claim on which relief may be granted);

2     That the plaintiff shall have until September 26, 2005 to file an Amended Complaint specifying the nature of his cause of action or basis of his claim against the defendants, and the time frame in which his claim arose; and

3.     That in the absence of a timely and sufficient Amended Complaint, this action will be subject, without further notice, to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED this 7th day of September, 2005.

BY THE COURT:

/s *Richard G. Kopf*
United States District Judge

2