IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEROME DAVIS,<br><br>        Plaintiff,<br><br>vs.<br><br>ASARCO, et al.,<br><br>        Defendants. | 4:05cv3220<br><br>MEMORANDUM AND ORDER<br>(appeal) |

This matter is before the court on filing no. 8, the interlocutory appeal filed by the plaintiff, Jerome Davis, a prisoner, and filing no. 9, the plaintiff's Motion to Proceed In Forma Pauperis ("IFP") on appeal. The plaintiff appeals filing no. 6, the Memorandum and Order in which I denied his Motion to Proceed IFP in the district court, stating, in part:

> Mr. Davis alleges that he was "contaminated," as a child, by lead deposited in the soil of a "Superfund site" in Omaha, Nebraska. The plaintiff relies on a decision issued by a court in Phoenix, Arizona for the principle that the defendants are liable for his injuries, which include cancer, brain damage, and arrested development. The plaintiff has not provided the court with a copy of the decision on which he relies.
>
> The plaintiff does not explain *why* the defendants are liable to him. In other words, he does not set forth a cause of action under state or federal law. The Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") does not provide the plaintiff with a cause of action for his alleged personal injuries. CERCLA imposes liability on an owner or operator of a facility "from which there is a release, or a threatened release which causes the incurrence of **response costs**, of a hazardous substance." 42 U.S.C. § 9607(a) (emphasis added). The plaintiff does not allege that he incurred any response costs. There is no private cause of action under CERCLA to recover damages for personal injuries suffered as a result of violations of the statute. See, e.g., Cabana v. Forcier, 148 F. Supp.2d 110, 114 (D. Mass. 2001).
>
> If the plaintiff does not rely upon CERCLA for his claim against the defendants, but instead relies upon Nebraska tort law, e.g., negligence or possibly product liability law, the plaintiff's claim is very likely barred by the

applicable statutes of limitations or repose. The injuries apparently were inflicted when the plaintiff was a child.

In filing no. 6, I entered the following order:

    1.    That filing no. 1, the plaintiff's Motion to Proceed In Forma Pauperis, is denied at this time pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (failure to state a claim on which relief may be granted);

    2    That the plaintiff shall have until September 26, 2005 to file an Amended Complaint specifying the nature of his cause of action or basis of his claim against the defendants, and the time frame in which his claim arose; and

    3.    That in the absence of a timely and sufficient Amended Complaint, this action will be subject, without further notice, to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The plaintiff's Motion for Leave to Proceed IFP on appeal is denied. The Eighth Circuit Court of Appeals has stated that "[d]istrict courts should continue to certify pursuant to [28 U.S.C.] § 1915(a)(3) and [Fed. R. App. P.] 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed in forma pauperis on appeal is or is not taken in good faith. If the district court concludes that such an appeal is not taken in good faith, it shall, pursuant to [Fed. R. App. P.] 24(a), 'state in writing the reasons for the denial.'" Henderson v. Norris, 129 F.3d 481, 485 (8th Cir. 1997).

Having considered the record in this action, I conclude that this appeal is not taken in good faith. The plaintiff has not stated a claim on which relief may be granted, and he has not amended his complaint in an effort to do so. He has no federal claim under CERCLA for his alleged personal injuries, and his appeal is frivolous.

If a district court determines that an appeal is not taken in good faith or that the individual is not otherwise entitled to pauper status, the Clerk of the district court must serve notice of the district court's decision on the parties and the Court of Appeals. Fed.

R. App. P. 24(a)(4). The appellant then has 30 days, following service of the Clerk's notice, to file a motion in the Court of Appeals for leave to proceed IFP on appeal. Fed. R. App. P. 24(a)(5). Such a motion in the Court of Appeals must be accompanied by a copy of the affidavit filed in the district court, or by a new affidavit if none was previously filed, and by a copy of the statement of reasons given by the district court for denial of IFP status on appeal. Id.

THEREFORE, IT IS ORDERED:

1.  That filing no. 9, the plaintiff's Motion to Proceed IFP on appeal, is denied;

2.  That the Clerk of Court shall send a copy of this Memorandum and Order to the parties and the Eighth Circuit Court of Appeals as the notice required by Fed. R. App. P. 24(a)(4), and the Clerk shall process the appeal to the Eighth Circuit; and

3.  That the plaintiff may file a motion in the Court of Appeals for leave to proceed IFP on appeal.

September 22, 2005.              BY THE COURT:

                                 /s *Richard G. Kopf*
                                 United States District Judge