IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEROME DAVIS, | ) | |
| | ) | 4:05cv3220 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| vs. | ) | |
| | ) | |
| ASARCO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on remand from the United States Court of Appeals for the Eighth Circuit. In filing no. 6, my Memorandum and Order of September 5, 2005, I denied the Motion to Proceed In Forma Pauperis ("IFP"), filed by the plaintiff, Jerome Davis, a prisoner. Mr. Davis alleges that he was contaminated, as a child, by lead deposited in the soil of a Superfund site in Omaha, Nebraska. The plaintiff believes the defendants are liable for his injuries, which include cancer, brain damage, and arrested development.

As I noted in filing no. 6, the plaintiff failed to state a cause of action under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") for his alleged personal injuries because CERCLA imposes liability for "response costs," 42 U.S.C. § 9607(a), and the plaintiff does not allege that he incurred any response costs. There is no private cause of action under CERCLA to recover damages for personal injuries suffered as a result of violations of the statute. See, e.g., Cabana v. Forcier, 148 F. Supp.2d 110, 114 (D. Mass. 2001).

I noted also that if the plaintiff does not rely on CERCLA for his claim against the defendants, but instead relies on Nebraska tort law, e.g., negligence or possibly product liability law, his claim appears on the face of the complaint to be barred by the applicable statutes of limitations. The injuries apparently were inflicted when the plaintiff was a child. Although tolled during his minority until he reached 19 years of age, the statutes of limitations began to run thereafter. The plaintiff brought this action at the age of 28, substantially after the end of his minority **and** expiration of the statutes of limitations.

Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (failure to state a claim on which relief may be granted), I denied the plaintiff's Motion to Proceed IFP and gave the plaintiff 21 days to file an Amended Complaint to try to state a claim on which relief may be granted (filing no. 6). Instead, the plaintiff appealed to the Eighth Circuit Court of Appeals. In filing no. 18, the Eighth Circuit granted the plaintiff leave to proceed IFP *on appeal* and then summarily affirmed my Memorandum and Order of September 5, 2005 (filing no. 6).

Therefore, once again, the plaintiff shall have 21 days from the date of this Memorandum and Order to file an Amended Complaint specifying the nature of his cause of action or basis of his claim against the defendants, and the time frame in which his claim arose and to try to state a claim on which relief may be granted. In the absence of a timely and sufficient Amended Complaint, this action will be subject, without further notice, to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted, unless the plaintiff pays the full filing fee for the right to continue with the case.[1]

SO ORDERED.

August 7, 2006.                            BY THE COURT:


                                           s/ *Richard G. Kopf*
                                           United States District Judge

---

[1] See 28 U.S.C. § 1915  Proceedings in forma pauperis:

(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

(A) the allegation of poverty is untrue; or

(B) the action or appeal--

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.